# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID GRIMALDI | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 1:16-CV-00519-S-PAS |
| | : | |
| v. | : | |
| | : | |
| US BANK NATIONAL ASSOCIATION, AS | : | |
| TRUSTEE FOR LSF9 MASTER | : | |
| PARTICIPATION TRUST, ALIAS, | : | |
| CALIBER HOME LOANS, INC., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank," incorrectly named as "US Bank National Association, as Trustee for LSF9 Master Participation Trust") and Caliber Home Loans, Inc. ("Caliber," and collectively "Defendants") hereby answer the allegations of the Complaint filed by Plaintiff David Grimaldi ("Plaintiff") as follows:

1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1.  As to the second sentence of Paragraph 1, Defendants admit that Plaintiff is record owner of title of real estate located at 19 South Glen River Drive, Coventry, Rhode Island.  Defendants deny any remaining allegations of Paragraph 1.

2.  Defendants admit the allegations in Paragraph 2.

3.  Defendants admit that Plaintiff granted a mortgage on February 27, 2009 to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Shamrock Financial Corporation (the "Mortgage") for property located at 19 South Glen Drive, Coventry, Rhode

-2-

Island 02816 (the "Property").  Defendants also admit that Exhibit A is a copy of the Mortgage. Defendants deny any remaining allegations of Paragraph 3.

4. Defendants admit that MERS as Nominee for Shamrock Financial Corporation assigned the Mortgage to JPMorgan Chase Bank, National Association ("Chase") on February 16, 2013.  Defendants also admit that Exhibit B is a copy of the assignment of the Mortgage from MERS as Nominee for Shamrock Financial Corporation to Chase.  Defendants deny any remaining allegations of Paragraph 4.

5. Defendants admit that Chase assigned the Mortgage to Secretary of Housing and Urban Development ("HUD") on July 24, 2014.  Defendants also admit that Exhibit C is a copy of the assignment of the Mortgage from Chase to HUD.  Defendants deny any remaining allegations of Paragraph 5.

6. Defendants admit that HUD assigned the Mortgage to U.S. Bank on January 9, 2015.  Defendants also admit that Exhibit D is a copy of the assignment of the Mortgage from HUD to U.S. Bank.  Defendants deny any remaining allegations of Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants admit that a foreclosure sale for the Property was scheduled for August 31, 2016.  Defendants deny any remaining allegations of Paragraph 8.

9. Paragraph 9 sets forth conclusion of law and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 9.

10. Paragraph 10 refers to the Mortgage, the terms of which speak for themselves.

11. Paragraph 11 sets forth conclusions of law and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

## COUNT I

12. Defendants incorporate their responses to Paragraphs 1 through 11 set forth above as if fully set forth herein.

13. Paragraph 13 sets forth conclusions of law and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13

14. Defendants deny the allegations in Paragraph 14.

15. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Defendants deny the allegations of Paragraph 17 to the extent it alleges that no default letter was sent to Plaintiff. As to the remaining allegations of Paragraph 17, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Defendants deny the allegations of the first sentence of Paragraph 19 to the extent it alleges that no default notice or acceleration notice was sent to Plaintiff. The second sentence of Paragraph 19 sets forth conclusions of law and, therefore, no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 19 .

20. Paragraph 20 sets forth conclusions of law and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

20. Paragraph 20[1] sets forth conclusions of law and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief that he seeks.

## COUNT II

25. Defendants incorporate their responses to Paragraphs 1 through 24[2] set forth above as if fully set forth herein.

26. Paragraph 26 sets forth conclusions of law and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27. Paragraph 27 sets forth conclusions of law and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28. Paragraph 28 sets forth conclusions of law and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28 and all its sub-parts.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31 and his sub-parts.

---

[1] The Complaint contains two paragraphs numbered "20." Defendants answer each paragraph as numbered in the Complaint.
[2] Paragraph 25 of the Complaint purports to incorporate by reference "Paragraphs 1 – 44." The Defendants assume that this is a typographical error.

32. Defendants deny the allegations in Paragraph 32.

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief that he seeks.

## COUNT III

33. Defendants incorporate their responses to Paragraphs 1 through 32 set forth above as if fully set forth herein.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief that he seeks.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by federal or state law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to take appropriate steps to mitigate or otherwise avoid the damages that he claims to have suffered.

### FIFTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were caused, in whole or in part, by Plaintiff's own negligence or other conduct.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unjust enrichment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred due to his breach of the loan documents.

## DEFENDANTS' RESERVATION OF RIGHTS

Defendants reserve the right to supplement and amend their Answer and Affirmative Defenses as additional information becomes available or apparent during the course of investigation, preparation, or discovery.

## RELIEF REQUESTED

**WHEREFORE,** Defendants respectfully request that this Court enter an order:

(a) dismissing the Complaint in its entirety and awarding Defendants their costs and fees, including attorneys' fees to abide the Complaint; and

(b) awarding to Defendants such other and further relief as to this Court seems just and proper.

**DEFENDANTS, U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST and CALIBER HOME LOANS, INC.,**

By their attorney,

/s/ Joseph K. Scully
Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)

DATED: September 21, 2016

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on September 21, 2016.

/s/ Joseph K. Scully
Joseph K. Scully (#6217)