# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID GRIMALDI | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 1:16-CV-00519-S-PAS |
| | : | |
| v. | : | |
| | : | |
| US BANK NATIONAL ASSOCIATION, AS | : | |
| TRUSTEE FOR LSF9 MASTER | : | |
| PARTICIPATION TRUST, ALIAS, | : | |
| CALIBER HOME LOANS, INC., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO THEIR MOTION FOR SUMMARY JUDGMENT

Defendants[1] hereby submit this reply to Plaintiff David Grimaldi's *Objection to Motion for Summary Judgment*, ECF Doc. No. 13, (the "Objection") and his *Memorandum in Support of Objection to Motion for Summary Judgment*, ECF Doc. No. 13-1, (the "Objection Memo"). For the reasons set forth below, this Court should grant summary judgment in Defendants' favor.

I.     PLAINTIFF'S CLAIM THAT HE WAS NOT PROVIDED AN OPPORTUNITY TO HAVE A "FACE-TO-FACE" MEETING IS WITHOUT MERIT.

In the Complaint, Plaintiff alleged that "Plaintiff was not provided the opportunity to have a face to face meeting with Chase" (Compl. ¶ 15) and that no face-to-face meeting was scheduled by Chase or "any loan servicer or any owner" (Compl. ¶ 16). In *Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment*, ECF Doc. No. 6, (the "MSJ Memo"), Defendants demonstrated that U.S. Bank is excused from conducting the face-to-

---

[1] Defendants continue to use terms as defined in *Defendants' Motion for Summary Judgment*, and their supporting memorandum of law, ECF Doc. Nos. 5-6.

face meeting because they made three attempts[2] to meet with Plaintiff face-to-face, and thereby made a "reasonable effort" to arrange the meeting, that ultimately proved "unsuccessful." MSJ Memo, p. 4. Though Plaintiff does not dispute that he received all three letters and, in fact, describes action he allegedly took in accordance with the letters (*See* Grimaldi Aff. ¶ 10), he now attempts to stymy the resolution of this action by continuing to allege, in a conclusory fashion, that U.S. Bank is precluded from foreclosing because it did not conduct a face-to-face meeting with him pursuant to 24 C.F.R. § 203.604. Objection Memo, pp. 2-3. *Affidavit in Support of Objection to Motion for Summary Judgment*, ECF Doc. No. 13-2, (the "Grimaldi Aff.") ¶ 12. This Court need not credit Plaintiff's "conclusory allegations, improbable inferences, acrimonious invective, or rank speculation" and such averments do not defeat summary judgment. *TranSched Sys. Ltd. v. Fed. Ins. Co.*, 67 F. Supp. 3d 523, 526 (D.R.I. 2014) (quoting *Ahern v. Shinseki*, 629 F.3 49, 54 (1st Cir. 2010)).

    II.    <u>PLAINTIFF MAY NOT ALLEGE NEW CLAIMS IN AN OBJECTION TO A MOTION FOR SUMMARY JUDGMENT</u>.

For the first time, Plaintiff alleges that U.S. Bank may not foreclose because it, or its predecessor, failed to visit the Property. Objection Memo, p. 2; *compare with* Compl. ¶¶ 9, 15-16, 18, 29, 40. Defendants are entitled to "adequate notice of any claims asserted against [them] and a meaningful opportunity to mount a defense." *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1172 (1st. Cir. 1995). Where a plaintiff raises a claim for the first time in an objection to a motion for a summary judgment, the claim is untimely. *See United States ex rel. Jones v. Brigham & Women's Hosp.*, 678 F.3d 72, 92 (1st Cir. 2012) (district court is not compelled to

---

[2] Exhibit H to the *Affidavit of Joshua Nelms In Support of Defendants' Motion for Summary Judgment*, ECF Doc. No. 7, (the "Nelms Aff."), is three letters to Plaintiff dated September 11, 2012; November 14, 2012; and December 11, 2010 that make clear that visits to the Property were scheduled within 20 days after September 11, 2012; November 14, 2012; and Decemeber 11, 2012.

-2-

consider arguments not plead in the complaint as summary judgment is not a "second chance to flesh out inadequate pleadings") (quotation marks and citation omitted); *Kunelius v. Town of Stow*, 588 F.3d 1, 19 (1st Cir. 2009) (no abuse of discretion or plain error for district court judge to disregard claims made for the first time in opposition to summary judgment); *see also Damon v. Hukowicz*, 964 F. Supp. 2d 120 (D. Mass. 2013).  Before the Objection Memo, Plaintiff did not allege that Defendants were precluded from foreclosing due to a failure to visit the Property; therefore, this Court should not consider this untimely claim.

    III.    <u>PLAINTIFF SHOULD NOT BE PERMITTED TO DELAY SUMMARY JUDGMENT WITH DISCOVERY OF MATTERS OUTSIDE OF HIS PLEADINGS.</u>

Plaintiff alleges that Defendants' motion for summary judgment should be denied because he needs to "conduct discovery regarding the owner of the note."[3]  Objection Memo, p. 20.  Specifically, he seeks records related to an alleged sale of the Note to a "Ginnie Mae Pool." Grimaldi Aff. ¶¶ 15-16.  Plaintiff is not entitled to conduct discovery on this issue as it is not relevant to any of his claims in the Complaint.  Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim</u> or defense and proportional to the needs of the case…").  Plaintiff's claims in the Complaint are limited to allegations regarding the face-to-face meeting (Compl. ¶¶ 12-20, 27-30, and 36).  Therefore, discovery regarding an alleged sale of the Note to a "Ginnie Mae Pool" is not relevant to any of the claims of the Complaint or necessary for the resolution of this action.  Therefore, this Court should disregard Plaintiff's request to conduct discovery on irrelevant topics.[4]

---

[3] Plaintiff requests that this Court rule solely on "the issue of the face to face meeting." The "face to face meeting" undergirds the entirely of the Complaint and a ruling on this issue in favor of Defendants disposes of this entire action.

[4] It also bears noting that Defendants assented to Plaintiff's March 8, 2017 motion for extension of time to respond to the Motion for Summary Judgment based on the representation that

IV. CONCLUSION

For the reasons stated above and in *Defendants' Motion for Summary Judgment*, and their supporting memorandum of law, ECF Doc. Nos. 5-6., this Court should grant summary judgment in favor of Defendants and dismiss Plaintiff's Complaint.

DEFENDANTS, U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST and CALIBER HOME LOANS, INC.,

By their attorney,

/s/ Joseph K. Scully
Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)

DATED: April 19, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on April 19, 2017.

/s/ Joseph K. Scully
Joseph K Scully (#6217)

---

Plaintiff would not oppose the Motion under Fed. R. Civ. P. 56(d) claiming that additional discovery was needed. See Motion for Extension of Time, Doc. 11 (March 8, 2017) (noting that Defendants have "no objection so long as the Plaintiff does not seek an extension pursuant to FRCP 56(d)"). Defendants filed their Motion for Summary Judgment on November 18, 2016. If Plaintiff believed that he required discovery to oppose the Motion, then he should have submitted a Rule 56(d) declaration months ago.

.