```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
DAVID GRIMALDI,                     )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   C.A. No. 16-519 WES
                                    )
US BANK NATIONAL ASSOCIATION,       )
AS TRUSTEE FOR LSF9 MASTER          )
PARTICIPATION TRUST, ALIAS;         )
CALIBER HOME LOANS, INC.,           )
                                    )
        Defendants.                 )
                                    )
_____
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is a Renewed Motion for Summary Judgment (ECF No. 16) filed by Defendants U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust[1] ("U.S. Bank") and Caliber Home Loans, Inc. ("Caliber," and collectively, "Defendants"). Defendants' Renewed Motion for Summary Judgment follows the Court's September 28, 2017 Order ("Order") denying Defendants' Motion for Summary Judgment (ECF No. 5) without prejudice to refiling. Defendants have timely refiled their Motion for Summary Judgment, incorporating by reference their Memorandum in Support of their Motion for Summary Judgment (ECF No. 6) and supporting

---

[1] Defendant U.S. Bank was incorrectly named "US Bank National Association, as Trustee for LSF9 Master Participation Trust." (Defs.' Renewed Mot. for Summ. J. 1.)

affidavit (ECF No. 7). For the reasons set forth below, the Court GRANTS Defendants' Motion.

I. Background[2]

On February 27, 2009, Plaintiff David Grimaldi executed a promissory note ("Note") in favor of Shamrock Financial Corporation, and a mortgage ("Mortgage") in favor of Mortgage Electronic Systems, Inc., as nominee for Shamrock Financial Corporation, to repay a loan in the principal amount of $208,160.00 for Plaintiff's home located at 19 South Glen Drive in Coventry, Rhode Island (the "Property"). (Defs.' Statement of Undisputed Facts ("SUF") ¶¶ 1, 3, 5, ECF No. 8.) U.S. Bank is the current assignee of the Mortgage and holder of the Note,[3] and Caliber is the servicer of the loan on behalf of U.S. Bank. (Defs.' SUF ¶ 9; Nelms Aff. 1, ECF No. 7.)

---

[2] The Court recounts the record evidence in the light most favorable to, and drawing all inferences in favor of, the non-moving party. See Garcia-Garcia v. Costco Wholesale Corp., 878 F.3d 411, 417 (1st Cir. 2017).

[3] Plaintiff alleges that U.S. Bank is not the current assignee of the Mortgage and holder of the Note. (Pl.'s Statement of Disputed Facts ("SDF") ¶ 9, ECF No. 13-5.) This fact dispute, however, is immaterial to Plaintiff's claims, all of which turn on whether Defendants complied with 24 C.F.R. § 203.604. See Miranda-Rivera v. Toledo-Davila, 813 F.3d 64, 69 (1st Cir. 2016) (stating that summary judgment is proper where "movant can demonstrate that 'there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law'" (quoting Fed. R. Civ. P. 56(a))); (see generally Compl. ¶¶ 12-42, ECF No. 1-1). Additionally, Plaintiff's request for additional discovery under Rule 56(d) of the Federal Rules of Civil Procedure, on this basis, is discussed in Part III.B, infra.

2

In or around November 2012, Plaintiff defaulted on the loan by failing to make the required payments. (Defs.' SUF ¶ 6.) On September 11, 2012, November 14, 2012, and December 11, 2012, JP Morgan Chase Bank ("Chase"), the holder of the Note and Mortgage at that time, sent letters to Plaintiff indicating that he had options to pay the past-due amount on his Mortgage and that a representative would visit his home within twenty days to discuss a repayment plan. (Nelms Aff. Ex. H, at 2, 4, 6, ECF No. 7-8; Defs.' SUF ¶ 8.) However, no representative visited Plaintiff at his home. (Grimaldi Aff. ¶¶ 10, 12, ECF No. 13-2.)

On December 17, 2012, a notice of intent to foreclose was sent to Plaintiff; he was sent a second notice of intent to foreclose on April 18, 2013. (Nelms Aff. Ex. G, at 5, 13, ECF No. 7-7; Defs.' SUF ¶ 7). Subsequently, on June 5, 2013, Plaintiff received a notice of default and acceleration.[4] (Nelms Aff. Ex. G, at 2; Defs.' SUF ¶ 7). Later, on July 8, 2016, Plaintiff received a letter stating that a foreclosure sale of Plaintiff's home was scheduled for August 31, 2016. (Compl. 30.) Accordingly, after receiving the July 8, 2016 letter, Plaintiff initiated suit,

---

[4] Plaintiff disputes that the notices were default and acceleration because the Mortgage does not authorize acceleration and foreclosure unless permitted by the applicable regulations. (Pl.'s SDF ¶ 7.) The characterization of these notices is immaterial to Defendants' compliance with 24 C.F.R. § 203.604, and thus is not a fact dispute that needs to be resolved. See Miranda-Rivera, 813 F.3d at 69.

3

alleging breach of contract and violation of the covenant of good-faith and fair dealing, and seeking injunctive relief and declaratory judgment, to stave off the foreclosure of his home.

Plaintiff's claims against Defendants are premised on Defendants' failure to comply with 24 C.F.R. § 203.604 before Defendants initiated foreclosure, as required by the Mortgage.[5] (See generally Compl.) 24 C.F.R. § 203.604(b) requires the mortgagee to "have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604(b). A reasonable effort to have a face-to-face meeting requires, at a minimum, "one letter sent to the mortgagor certified by the Postal Service as having been dispatched" and "one trip to see the mortgagor at the mortgaged property."[6] 24 C.F.R. § 203.604(d). Specifically, Plaintiff alleges that Defendants failed to comply with § 203.604(b) by not providing him with a face-to-face meeting. (See generally Compl.)

---

[5] Paragraph 9 of the Mortgage states that "[t]his Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary [of Housing and Urban Development (HUD)]." (Nelms Aff. Ex. C, at 5–6, ECF No. 7-3.) 24 C.F.R. § 203.604 is one such HUD regulation.

[6] The trip to see the mortgagor at the mortgaged property does not need to be made if the mortgaged property is more than 200 miles away from a branch office of the mortgagee or its servicer. § 203.604(d). Defendants do not dispute that they lack a branch office within 200 miles of the Property.

At the time of Defendants' first motion for summary judgment, the undisputed record reflected that Defendants had sent Plaintiff three letters referencing a face-to-face meeting, but had not made a trip to see the mortgagor (Plaintiff) at his property. See § 203.604(d); (Nelms Aff. Ex. H, at 2, 4, 6; Grimaldi Aff. ¶¶ 10, 12). Defendants' failure to make "one trip to see" Plaintiff at his property resulted in the Court denying Defendants' first motion for summary judgment without prejudice to refiling. See § 203.604(d). The Order stated that Defendants had thirty days to refile their motion for summary judgment with an updated affidavit attesting to Defendants' compliance with the contractual obligations at issue.

Defendants timely filed their Renewed Motion for Summary Judgment with an affidavit averring that a Caliber default servicing officer made a personal visit to Plaintiff's Property on October 25, 2017. (Dunham Aff. ¶¶ 1–2, ECF No. 17.) The affidavit further states that Plaintiff was not home at the time of the visit and, in his absence, the default servicing officer left a letter at Plaintiff's property. (Id. ¶¶ 3–5.) The letter left at Plaintiff's property offered Plaintiff the opportunity for a face-to-face meeting if he so desired. (Id. ¶¶ 4–5; Letter Ex. A, ECF No. 17-1.)

II. Legal Standard

"Summary judgment is properly granted if the movant can demonstrate that 'there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" Miranda-Rivera v. Toledo-Davila, 813 F.3d 64, 69 (1st Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). "A 'genuine' dispute exists when a jury can reasonably interpret the evidence in the non-movant's favor." Id. "A 'material' fact is 'one that might affect the outcome of the suit under the governing law.'" Id. (quoting Vélez-Rivera v. Agosto-Alicea, 437 F.3d 145, 150 (1st Cir. 2006)). In ruling on a motion for summary judgment, the court examines the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000) (citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)).

III. Discussion

    A.    Defendants' Compliance with 24 C.F.R. § 203.604

The clear language of § 203.604 requires a mortgagee to make a "reasonable effort" to arrange a face-to-meeting with the mortgagor, as defined as sending a letter to the mortgagor and making a personal visit to the mortgagor's property, "before three full monthly installments due on the mortgage are unpaid." See § 203.604(b), (d); see also Countrywide Home Loans, Inc. v.

6

Wilkerson, No. 03 C 50391, 2004 WL 539983, at *1 (N.D. Ill. Mar. 12, 2004) ("The court interprets this straightforward language to require both the sending of a certified letter and a personal visit to constitute a reasonable effort at arranging a face-to-face meeting."). With their Renewed Motion for Summary Judgment, Defendants have now proffered as an undisputed fact that a Caliber representative visited the Property on October 25, 2017 and left a letter upon discovering that Plaintiff was not home, as part of its reasonable effort to arrange a face-to-face meeting with Plaintiff pursuant to § 203.604. See § 203.604(d); Hobby v. Burson, 110 A.3d 796, 802-03 (Md. Ct. Spec. App. 2015) (holding evidence that a representative visited the mortgaged property and left a letter upon discovering mortgagor was not home established a reasonable effort under § 203.604); (Nelms Aff. Ex. H, at 2, 4, 6; Dunham Aff. ¶¶ 3-5). Thus, in light of the undisputed facts that Defendants sent three letters to Plaintiff, on September 11, 2012, November 14, 2012, and December 11, 2012, stating that a face-to-face meeting was scheduled to occur within the next twenty days, (Nelms Aff. Ex. H, at 2, 4, 6), and made a personal visit to Plaintiff's Property (Dunham Aff. ¶¶ 3-5), and drawing all reasonable inferences in favor of Plaintiff, the Court is satisfied that Defendants have met their contractual obligation to comply with 24 C.F.R. § 203.604. See 24 C.F.R. § 203.604(b), (d); Miranda-Rivera, 813 F.3d at 69. With no genuine fact dispute

7

remaining in regards to Defendants' compliance with § 203.604, and because all of Plaintiff's claims are premised on Defendants' alleged failure to comply with § 203.604, Defendants' Renewed Motion for Summary Judgment is GRANTED with respect to all of Plaintiff's claims.

    B.    Plaintiff's Request for Further Discovery under Rule 56(d) of the Federal Rules of Civil Procedure

Plaintiff, in his opposition,[7] requests discovery pursuant to Rule 56(d) on several issues stemming from Defendants' affidavits. (See generally Mot. for Extension of Time, ECF No. 18.) These issues include: an allegation that the Note was never endorsed to U.S. Bank; the reference to a second face-to-face meeting in the letter left at Plaintiff's home, despite having no original face-to-face meeting; Defendants' alleged failure to reference loss mitigation options that must be presented to Plaintiff prior to a face-to-face meeting; Defendants' alleged failure to respond to two requests for information pursuant to 12 C.F.R. § 1024.41 in loss mitigation packages sent by Plaintiff to Defendants; Plaintiff's allegation that he has been charged unreasonable fees and expenses by Defendants' attempt to exercise the statutory power of sale without having a face-to-face meeting; and Plaintiff's

---

[7] As previously stated, the Court construes Plaintiff's Motion for an Extension of Time (ECF No. 18) as an opposition. (See Mem. & Order, ECF No. 25.) Plaintiff's opposition does not present developed, substantive arguments against summary judgment, but instead only requests further discovery under Rule 56(d).

8

allegation that the loan had not been accelerated, which Defendants' deny and the mortgage statements do not support. (Id. at 1-4.)

"Rule 56(d) allows, in certain circumstances, for supplemental discovery after a motion for summary judgment has been filed." Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014) (citing Fed. R. Civ. P. 56(d)). "We have previously cautioned that Rule 56(d) relief is not to be granted as a matter of course." Id. (citing Ayala-Gerena v. Bristol Meyers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996)).

> As we have explained: To benefit from the protections of Rule 56[(d)], a litigant ordinarily must furnish the nisi prius court with a timely statement — if not by affidavit, then in some other authoritative manner — that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion.

Id. (quoting Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004)). "Even upon submission of the required materials, the district court is entitled to refuse a Rule 56(d) motion if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplemental discovery." Id. (citations omitted).

In short, Plaintiff does not explain his inability to adduce facts essential to his opposition, fails to provide a plausible

9

basis for believing that the sought-after facts can be assembled within a reasonable time, and does not explain how these facts would influence the outcome of the summary-judgment motion for any of the issues on which he requests additional discovery. See Hicks, 755 F.3d at 743. Moreover, it is difficult to see how Plaintiff is likely to "garner useful evidence" from this additional discovery because all of Plaintiff's claims are based on Defendants' compliance with 24 C.F.R. § 203.604. See id.; (see generally Compl. ¶¶ 12-42). Therefore, Plaintiff's request for additional discovery is denied.

IV. Conclusion

For the reasons discussed above, Defendants' Renewed Motion for Summary Judgment (ECF No. 16) is GRANTED.

IT IS SO ORDERED.

/s/ W. Smith
_____
William E. Smith
Chief Judge
Date: April 27, 2018